UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MELINDA WINNING,

       Plaintiff,

     v.

COPART OF CONNECTICUT, INC. d/b/a
COPART,

       Defendant.

Case No. 26-cv-00619-JPG

## MEMORANDUM AND ORDER

This case is before the Court on Defendant Copart of Connecticut's Motion to Dismiss

(Doc. 20). It asks the Court to dismiss the entirety of Plaintiff Melinda Winning's complaint for

failure to state a claim. Plaintiff filed a response (Doc. 22), and Defendant filed a reply (Doc.

24).

## I.    BACKGROUND

Plaintiff was employed by Defendant as a loader. During her employment, Plaintiff

alleges she was subjected on multiple occasions to improper conduct, including sexual jokes and

sexualized comments about her because she is female, by multiple employees and contractors,

including Robert Rite. Plaintiff further alleges that one of her co-workers, Curt Coleman,

routinely demanded drivers pay him through CashApp to load cars onto their trailers, even

though loading the cars was part of his job duties.

In May 2024, Plaintiff reported both concerns to her General Manager, Micheal Tover.

After Plaintiff reported the conduct, Defendant promoted Rite to a supervisory role over Plaintiff

and subjected Plaintiff to further harassment. As a result of these actions, Plaintiff resigned from

her employment with Defendant on May 9, 2024.

On April 2, 2026, Plaintiff filed a three-count complaint against Defendant in the St. Clair County Circuit Court, asserting claims under the Illinois Whistleblower Act and the Illinois Human Rights Act. Defendant removed the action to this Court on May 8, 2026.

## II.    LEGAL STANDARD

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl. Corp.*, 550 U.S. at 555; *EEOC. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Bell Atl. Corp.*, 550 U.S. at 556). Although liberal federal notice pleading standards ensure that even non-detailed complaints can survive a motion to dismiss, they will not prevent dismissal of complaints that plead too much. A case can be dismissed because a complaint pleads facts establishing that the plaintiff is not entitled to prevail. *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998); *Soo Line R.R. Co. v. St. Louis Sw. Ry. Co.*, 125 F.3d 481, 483 (7th Cir. 1997).

III.    **ANALYSIS**

A.    Counts 2 and 3 – Discrimination and Retaliation Under the Illinois Human Rights Act ("IHRA"):

The IHRA prohibits employment discrimination based on sex, including sexual harassment that creates a hostile work environment. *See* 775 ILCS 5/2-101, 102. It also prohibits retaliation against a person for opposing or reporting conduct that they reasonably believed constituted sexual harassment. *See* 775 ILCS 5/6-101. Defendant argues that the Court should dismiss Plaintiff's IHRA claims because (1) they are time-barred, and (2) she fails to plausibly allege a constructive discharge.

i.    *Statute of Limitations:*

"A limitations defense is not often resolved on a Rule 12(b)(6) motion because 'a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations.'" *Amin Ijbara Equity Corp. v. Vill. of Oak Lawn*, 860 F.3d 489, 492 (7th Cir. 2017) (quoting *Cancer Found., Inc. v. Cerberus Cap. Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009)). "But dismissal at this early stage is appropriate when the complaint alleges facts sufficient to establish that the suit is indeed tardy." *Id.* Defendant bears the burden of establishing that the claim is untimely. *See Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020).

To bring a civil action under the IHRA, a plaintiff must file a charge with the IDHR, *see* 775 ILCS 5/7A-102(A), or with the EEOC, in which case the charge will be deemed to have been filed with the IDHR, *see* 775 ILCS 5/7A-102(A-1). Effective January 1, 2025, the IHRA was amended to extend the deadline for filing a charge from 300 days to two years after the date of the alleged civil rights violation. *See* Pub. Act 103-973 (eff. Jan. 1, 2025).

Plaintiff filed her charge on November 20, 2025, which is 560 days after her last day of

3

employment with Defendant. Accordingly, her charge is untimely if the former 300-day limitations period applies but timely if the amended two-year limitations period applies. The issue, therefore, is whether the amendment applies to Plaintiff's claims.

Illinois courts apply a two-step analysis to determine whether a statutory amendment applies retroactively. First, the court examines the statutory language to determine whether the legislature has expressly prescribed the amendment's temporal reach. *See Commonwealth Edison Co. v. Will Cnty. Collector*, 749 N.E.2d 964, 971 (Ill. 2001). If the legislature has done so, courts give effect to that intent unless doing so would violate a constitutional prohibition. *Id.* If the statute is silent as to its temporal reach, § 4 of the Illinois Statute on Statutes governs. *See* 5 ILCS 70/4; *Allegis Realty Invs. v. Novak*, 860 N.E.2d 246, 253 (Ill. 2006). Under § 4, procedural amendments may be applied retroactively, while substantive amendments may not. *Allegis Realty Invs.*, 860 N.E.2d at 253.

A statutory amendment is substantive if it "takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability in respect of transactions or considerations already past." *U.S. Steel Credit Union v. Knight*, 204 N.E.2d 4, 6 (Ill. 1965) (citation omitted); *see also People ex rel. Madigan v. J.T. Einoder, Inc.*, 28 N.E.3d 758, 765 (Ill. 2015). By contrast, a procedural amendment "prescribes a method of enforcing rights or involves pleading, evidence and practice." *Deicke Ctr. v. Illinois Health Facilities Plan. Bd.*, 906 N.E.2d 64, 68 (Ill. App. Ct. 2009) (quoting *Schweickert v. AG Servs. of Am., Inc.*, 823 N.E.2d 213, 216 (Ill. App. Ct. 2005)).

The Court finds that the amendment to the IHRA extending the statute of limitations from 300 days to two years applies to claims that, like Plaintiff's, were not time-barred when the

amendment took effect. It reaches this conclusion for two reasons. First, numerous Illinois courts, including the Illinois Supreme Court, have said that when a limitations period has not expired before the enactment of an amendment that lengthens the limitations period, the amendment controls all actions and remedies not previously barred. *See Arnold Eng'g, Inc. v. Indus. Comm'n*, 380 N.E.2d 782, 784 (Ill. 1978); *In re Marriage of Davenport*, 904 N.E.2d 650, 655 (Ill. App. Ct. 2009); *see also Barzi v. Fermi Rsch. All., LLC*, No. 25 C 9247, 2026 WL 1194748, at *10 (N.D. Ill. May 1, 2026). Second, as applied to claims that were not yet barred when the amendment took effect, the change in the limitations period is procedural. At that time, the expiration of the limitations period had not yet become an affirmative defense. Thus, the amendment did not take away or impair any vested rights held by Defendant.

The Court is not persuaded by the administrative decision cited by Defendant, *Bianchi v. Exelon (Commonwealth Edison Co.)*, ALS Case No. 20-0153, 2022 WL 22745875 (Ill. Hum. Rts. Com. Dec. 12, 2022). That decision is neither binding on this Court nor consistent with the Illinois case law discussed above.

Because the two-year limitations period applies to Plaintiff's IHRA claims, and Plaintiff filed her charge within that period, her claims are not time-barred.

### ii.   Fails to Sufficiently Plead Constructive Discharge:

"An employee can assert a claim of constructive discharge when she is forced to resign because her working conditions, from the standpoint of the reasonable employee, had become unbearable." *Grube v. Lau Indus., Inc.*, 257 F.3d 723, 728 (7th Cir. 2001). The standard is high because "a complaining employee is expected to remain on the job while seeking redress." *Id.* (quoting *Perry v. Harris Chernin, Inc.*, 126 F.3d 1010, 1015 (7th Cir. 1997)). If a plaintiff quits

before "giving his employer a reasonable chance to work out a problem," he has not been constructively discharged. *Id.* (quoting *Ulichny v. Merton Cmty. Sch. Dist.*, 249 F.3d 686, 704 n. 16 (7th Cir. 2001)).

The Court rejects Defendant's argument that Plaintiff's claim fails because she resigned before giving Defendant an opportunity to address and remedy the alleged harassment. Although "[a]n employee who quits without giving his employer a reasonable chance to work out a problem has not been constructively discharged," *id.* (quoting *Ulichny*, 249 F.3d at 704 n.16), an employee is not required to remain indefinitely when an employer's response suggests that further efforts to obtain relief would be futile, *see Stamey v. Forest River, Inc.*, 37 F.4th 1220, 1225 (7th Cir. 2022). Here, Plaintiff alleges that she reported the harassment and that Defendant subsequently promoted one of the individuals she identified as her harasser to be her supervisor. Despite the close proximity between her complaint and her resignation, these allegations are sufficient at the pleading stage to create a plausible inference that Defendant refused to take corrective action.

The Court nevertheless finds that Plaintiff has failed to plausibly allege constructive discharge. Her allegations that she was subjected to multiple sexual jokes and sexualized comments are conclusory. She does not allege the frequency, nature, or content of those statements, making it impossible for the Court to determine whether the alleged conduct rises above ordinary workplace discrimination or harassment. *See Drake v. Minnesota Min. & Mfg. Co.*, 134 F.3d 878, 886 (7th Cir. 1998) ("More than ordinary discrimination is necessary to establish a constructive discharge claim; in the 'ordinary' case, an employee is expected to remain employed while seeking redress."). These conclusory allegations are insufficient to

6

plausibly allege that Plaintiff's working conditions became so intolerable that a reasonable employee would have felt compelled to resign. Accordingly, the Court will dismiss Counts 2 and 3 without prejudice to the extent they are based on a constructive discharge theory.

Plaintiff's discrimination and retaliation claims, however, do not fail in their entirety. Her discrimination claim is not based solely on constructive discharge. She also alleges that the sexual jokes and sexualized comments, standing alone, created a hostile work environment in violation of the IHRA. Because Defendant does not argue that these allegations are insufficient to state a hostile work environment claim, the Court will allow Count 2 to proceed. *See M.G. Skinner & Assocs. Ins. Agency, Inc. v. Norman-Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority.").

The same is true of Plaintiff's retaliation claim. She alleges that, after she complained about the sexual jokes and sexualized comments, Defendant retaliated by promoting one of the alleged harassers to serve as her supervisor. This claim does not depend on a constructive discharge theory, and therefore, the Court will allow Count 3 to proceed.

B. Count 1 – Violation of the Illinois Whistleblower Act ("IWA"):

The IWA prohibits an employer from retaliating against an employee for certain protected conduct. *See* 740 ILCS 174/15, 20. Defendant asks the Court to dismiss Plaintiff's IWA claim for two reasons. First, it argues that her claims are preempted by the IHRA. Second, it contends that she cannot establish a violation of the IWA provisions in effect in May 2024. The Court addresses each argument in turn.

i. *IHRA Preemption:*

7

Illinois law provides that a cause of action under the IHRA is the exclusive remedy for "civil rights violations," which include sexual harassment by an employer. 775 ILCS 5/8-111(D) ("Except as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act."); 775 ILCS 5/2-102(D). Courts have construed the IHRA's exclusive remedy provision to mean that the Act preempts state-law causes of action where the IHRA "furnish[es] the legal duty that the defendant was alleged to have breached." *Naeem v. McKesson Drug Co.*, 444 F.3d 593, 604 (7th Cir. 2006) (internal quotations omitted). "If the plaintiff's allegations against the defendant implicate only a duty provided by the IHRA, such as the duty of employers to refrain from discriminating against employees on the basis of their race or national origin, then the plaintiff's claim is preempted." *Bannon v. Univ. of Chicago*, 503 F.3d 623, 630 (7th Cir. 2007). Conversely, "if the conduct would be actionable even aside from its character as a civil rights violation because the IHRA did not furnish the legal duty that the defendant was alleged to have breached, the IHRA does not preempt a state law claim seeking recovery for it." *Naeem*, 444 F.3d at 604 (internal quotations and brackets omitted). This remains true even where the factual basis of the state-law claim and the IHRA claim overlap. *Id.*

Here, Plaintiff alleges that Defendant violated the IWA by retaliating against her for reporting two categories of misconduct to her General Manager: (1) she was subjected on multiple occasions to sexual jokes and sexualized comments about her status as a female; and (2) one of her co-workers routinely demanded drivers pay him through CashApp to load cars onto their trailers, even though loading cars was part of his job duties. The first category of allegations is preempted because the duty not to subject Plaintiff to sexual harassment arises from the IHRA.

8

The second category, however, is not preempted because the duty not to demand unauthorized payments from another person exists independently of the IHRA and does not depend on Plaintiff's status as a member of a protected class. Therefore, the Court will dismiss Count 1 with prejudice to the extent it is based on sexual harassment and will consider whether Plaintiff has plausibly alleged a violation of the IWA based on her report of unauthorized payment demands.

      *ii. Cannot Establish Violation of the IWA:*

Plaintiff appears to allege violations of two sections of the IWA: § 15 and § 20. Section 15 protects employees who make certain disclosures. *See* 740 ILCS 174/15. Under the current version of the statute, an employer may not retaliate against an employee for disclosing information to a "supervisor, principal officer, board member, or supervisor in an organization that has a contractual relationship with the employer." *Id.* At the time of the alleged conduct in this case, however, § 15 was narrower. It protected only disclosures made "in a court, an administrative hearing, or before a legislative commission or committee, or in any other proceeding" and "to a government or law enforcement agency." *See* Pub. Act 95-128 (effective Jan. 1, 2008). The amendment to § 15 is substantive because it expands the scope of protected disclosures and correspondingly increases an employer's potential liability. *See Allegis Realty Invs.*, 860 N.E.2d at 253; *Knight*, 204 N.E.2d at 6. As such, the amendment does not apply retroactively, and the version of § 15 in effect at the time of the alleged conduct governs Plaintiff's claims. Plaintiff alleges only that she reported the alleged unlawful conduct to her supervisor. That allegation is insufficient to state a claim under the applicable version of § 15.

Section 20 protects employees who refuse to participate in activities that "would result in a violation of a State or federal law, rule, or regulation." *See* 740 ILCS 174/20. Plaintiff does not

9

allege that she refused to participate in the alleged unlawful conduct. Accordingly, she fails to state a claim under § 20.

Because Plaintiff has not plausibly alleged that the unauthorized payment demands violated either section of the IWA, the Court will dismiss Count 1 in its entirety. To the extent Count 1 attempts to state a claim under § 15, the Court will dismiss it with prejudice. However, to the extent Count 1 attempts to state a claim under § 20, the Court will dismiss it without prejudice and give Plaintiff an opportunity to replead.

## IV.   CONCLUSION

For the foregoing reasons, the Court:

- **GRANTS in part** and **DENIES in part** Defendant's Motion to Dismiss (Doc. 20);

  o The motion is **GRANTED** to the extent it seeks to dismiss Count 1:

    ▪ Count 1 is **DISMISSED with prejudice** insofar as it is based on the alleged sexual harassment or Section 15 of the IWA;

    ▪ Count 1 is **DISMISSED without prejudice** insofar as it is based on the alleged unauthorized payment demands and Section 20 of the IWA;

  o The motion is further **GRANTED** to the extent it seeks to dismiss Counts 2 and 3 insofar as those claims are based on a constructive discharge theory, and those theories are **DISMISSED without prejudice**;

  o The motion is **DENIED** in all other respects;

- **ORDERS** that Plaintiff shall have up to and including September 14, 2026, to file an amended complaint; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED**: August 13, 2026

**J. PHIL GILBERT**

10

**United States District Judge**